UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CEP EMERY TECH INVESTORS, LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>  Defendant. | Case No:  C 09-4409 SBA<br><br>**ORDER DISMISSING ACTION** |

On September 20, 2010, the Court issued an Order to Show Cause (OSC) directing the parties to show cause why the instant action should or should not be dismissed, pursuant to Federal Rule of Civil Procedure 41(b).  The OSC directed the parties to file a written response to the OSC within seven days, and warned that the failure to file a response would be deemed grounds for dismissing the action, without further notice.  Defendant timely filed a response stating that it does not oppose dismissal of the action.  Plaintiff, however, has failed to respond to the OSC.

Rule 41(b) authorizes the Court to dismiss an action where plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Court's local rules or any court order.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).  In exercising its discretion, the district court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).

Although a resolution of the action on the merits is preferable, the balance of the relevant Rule 41(b) factors militate in favor of dismissal.  First, Plaintiff's failure to respond to the OSC and disregard of its procedural obligations inherently delays resolution

1  of the case, which works to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d
2  639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without
3  being subject to routine noncompliance of litigants[.]"); Yourish v. California Amplifier,
4  191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket);
5  Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that
6  [the court] could have devoted to other major and serious criminal and civil cases on its
7  docket").  Second, Plaintiff has failed to provide any reason whatsoever for its failure to
8  comply with the Court's orders and none is apparent from the record.  See Yourish, 191
9  F.3d at 991 (noting that the risk of prejudice to the Defendant is related to the strength of
10 the Plaintiff's excuse for the default).  Finally, the Court has considered less drastic
11 alternatives to dismissal by warning Plaintiff that the failure to respond to the OSC would
12 result in the dismissal of the action.  Ferdik, 963 F.2d at 1262 ("a district court's warning to
13 a party that failure to obey the court's order will result in dismissal can satisfy the
14 'consideration of [less drastic sanctions]' requirement.").  Accordingly,

    IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITH PREJUDICE.  The Clerk shall close the file and terminate any pending docket matters.

    IT IS SO ORDERED.

Dated: September 30, 2010

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge