IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEP EMERY TECH INVESTORS LLC, | No. C -09-04409 SBA (EDL) |
| Plaintiff, | **ORDER DENYING DEFENDANT FDIC'S MOTION TO STAY AND DENYING AS MOOT PLAINTIFF'S MOTIONS TO COMPEL** |
| v. | |
| JP MORGAN CHASE, N.A., et al., | |
| Defendants | |

On October 11, 2011, the Court held a hearing on Plaintiff's Motion to Compel Defendant JPMorgan Chase to produce documents and respond to requests for admission, Plaintiff's Motion to Compel Defendant-Receiver FDIC to produce documents and respond to requests for admission, and Defendant-Receiver FDIC's Motion to Stay Discovery. At the hearing, counsel for all parties met and conferred and resolved the Motions to Compel by stipulation, which was stated on the record. Therefore, Plaintiff's Motions to Compel are denied as moot. For the reasons stated at the hearing and in this Order, Defendant FDIC's Motion to Stay is denied.

FDIC seeks to stay discovery on the merits of this case until Judge Armstrong rules on its motion to dismiss, which is set for hearing on January 31, 2012, because FDIC argues that Plaintiff lacks standing to pursue this matter. In order for FDIC to obtain a stay, the Court must be convinced that Plaintiff will be unable to state a claim upon which relief can be granted. See BRS Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."); Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) ("We have held, however, that '[a] district court may ... stay discovery when it

is convinced that the plaintiff will be unable to state a claim for relief.') (citing <u>Wood v. McEwen</u>, 644 F.2d 797, 801-02 (9th Cir. 1981)).

Several courts have rejected the standing and privity arguments made by Defendant here in the context of the same Purchase and Assumption Agreement that is at issue in this case. See, e.g., <u>Excel Willowbrook, LLC v. JP Morgan Chase Bank</u>, Case No. H-09-2988, sip op. at 9 (S.D. Tex. July 11, 2011) ("As explained below, if the contested leases are Bank Premises under the PAA, then the plaintiffs lack privity and thus standing to bring their claims, but if the leases are Other Real Estate, then they do have privity and standing. The Court determines that, under the terms of the PAA, the disputed leases were Other Real Estate rather than Bank Premises and it further determines that the plaintiff are entitled to argue that fact."); <u>Winkal Holdings v. JP Morgan Chase Bank</u>, Case No. CV 10-4267 VBF (FMOx), slip op. at 3 (C.D. Cal. Apr. 20, 2011) ("FDIC's arguments regarding 'standing' to obtain the benefits of a contract under federal or state law may present a valid defense to Winkal's claims, but they do not show that the Court lacks subject matter jurisdiction to decide this controversy. Indeed, FDIC does not cite any authorities dismissing contractually-based claims on the grounds of a lack of subject matter jurisdiction due to plaintiff's failure to be either a party to a contract or an intended third-party beneficiary."); <u>Elba, Inc. v. JP Morgan Chase Bank</u>, Case No. CV 10-9367 DSF (OPx), slip op. at 2 (C.D. Cal. Mar. 28, 2011) (ruling on a motion to dismiss, stating that: "JPMorgan's standing argument is unpersuasive. . . . The PAA is cited as evidence that the lease obligations were assumed, not as the source of Plaintiff's alleged legal rights. . . . JP Morgan is really raising a defense to liability, rather than a standing argument."); <u>290 at 71, LLC v. JP Morgan Chase Bank</u>, 2009 WL 3784347, at *4 (W.D. Tex. Nov. 9, 2009) ("The vehement arguments of the FDIC and Chase that Plaintiff's case 'fails at the threshold' because of Plaintiff's lack of standing to interpret an agreement to which it is a stranger are a catch-22 that would keep Plaintiffs from asserting its rights under the Lease against the new lessee even if a valid assignment of the Lease did occur. A moment's reflection reveals that all these arguments depend on the outcome of the first: whether the Lease was indeed transferred to Chase under the terms of the PAA on September 25, 2008. If so, Chase is in privity of estate with Plaintiff and Plaintiff has the right to sue Chase for its breach. Thus, all roads lead back to this central

2

dispute, to which the Court now turns."). Conversely, when the court in Elba addressed the standing issue on summary judgment, it found that the plaintiff lacked standing. See Elba, Inc. v. JP Morgan Chase Bank, CV-10-9367 DSF (OPx) (C.D. Cal. Sept. 19, 2011) ("Plaintiff was not an intended third party beneficiary under the PAA and does not have standing to enforce the alleged assignment of the lease to JPMorgan Chase against the will of the parties to the PAA.").

The Court need not delve too deeply into the merits of the standing argument, which are for Judge Armstrong to decide. For discovery purposes and given the contrary authority cited above regarding Plaintiff's privity and standing, it suffices that the Court is not convinced that Plaintiff will be unable to state a claim.[1] Further, Plaintiff has made a good showing that it would be prejudiced by a discovery stay because the motion to dismiss is not being heard until January 31, 2012 and discovery closes about two weeks after that, so Plaintiff would not have enough time to conduct discovery. Thus, FDIC's motion to stay is denied.

**IT IS SO ORDERED.**

Dated: October 12, 2011

                                                                       *Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] At the hearing, FDIC counsel for the first time cited the Court to Ninth Circuit authority regarding the Court's discretion to stay discovery. See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) ("A district court's decision to allow or deny discovery is reviewable only for abuse of discretion."). For the reasons stated at the hearing and in this Order, the proper exercise of discretion in this case is to deny the motion to stay, rather than to risk disrupting the trial judge's pretrial schedule.